Hon. Thomas J. Callanan Director New York State Division of Probation
This is in reply to a request from your counsel for an opinion as to whether performing public services as set forth in Penal Law, §65.10(2) (f-1), can be made a voluntary condition of probation for D and E felonies pursuant to section 65.10(2) (f) and (i), or whether a probationer convicted of a D or E felony could volunteer for such public service work even though it is not incorporated into the terms and conditions of probation.
Penal Law, § 65.10, provides in pertinent part:
 "2. Conditions relating to conduct and rehabilitation. When imposing a sentence of probation or of conditional discharge, the court may, as a condition of the sentence, require that the defendant:
* * *
 "(f) Make restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby. When restitution or reparation is a condition of the sentence, the court shall fix the amount thereof and the manner of performance;
 "(f-1) Performing services for a public or not-for-profit corporation, association, institution, or agency. Such sentence may only be imposed upon conviction of a misdemeanor or violation and where the defendant has consented to the amount and conditions of such service.
* * *
 "(i) Satisfy any other conditions reasonably related to his rehabilitation." (Emphasis supplied.)
Paragraph (f-1) was enacted in 1978 in response to People v Mandell,50 A.D.2d 907 (2d Dept, 1975). In Mandell, the defendant volunteered for service with a charitable organization prior to sentencing. At sentencing, the court imposed probation with one of the conditions being that the defendant provide volunteer services for this charitable organization. The defendant did not question the propriety of that condition, but the Appellate Division, on its own motion, nonetheless modified the judgment by deleting the condition since there was no authority in law for mandating such service as a condition for probation. However, the court did add that the defendant's continuance of such service on his own initiative would undoubtedly inure to his benefit vis-a-vis his conduct evaluation by the probation department.
Notwithstanding the broad language of Penal Law, § 65.10(2) (f) and (i), the holding in Mandell, combined with the specific language of Penal Law, § 65.10(2) (f-1), compels me to conclude that a court cannot make performing public services a condition of probation for D and E felonies even if the probationer volunteers and consents to the condition. I also conclude that such a probationer may, nonetheless, voluntarily perform public services even though it is not incorporated into the terms and conditions of probation.
A review of the legislative history of Penal Law, § 65.10(2) (f-1), disclosed no legal or penological reason why performing public services as a condition of probation should be limited to misdemeanor and violation offenses only. If the Division of Probation wishes to use public service as a general rehabilitative and restitutional tool for all probationers, I suggest you seek legislation deleting the limitation presently contained in Penal Law, § 65.10(2) (f-1).